IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH SCOTT, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO.: 2:15-cv-666-WKW-GMB |
| SOUTHERN MANAGEMENT CORP., | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 11. Pending before the court is Defendant Southern Management Corporation's Motion to Dismiss with Prejudice (Doc. 18). Having reviewed the motion, and for good cause, it is the recommendation of the Magistrate Judge that Defendant's motion be GRANTED, and that the dismissal be WITHOUT PREJUDICE.

### I. BACKGROUND

Plaintiff Kenneth Scott ("Scott") filed his complaint on September 16, 2016, alleging claims for "retaliation and interference under the Family Medical Leave Act." Doc. 1. At the time Scott's complaint was filed, he was represented by counsel. However, on May 19, 2016, Scott's counsel moved to withdraw, citing Scott's unresponsiveness and lack of cooperation, which prevented counsel from conducting discovery essential to litigating Scott's claims. Doc. 13.

On June 14, 2016, the court held an *ex parte* hearing on the motion to withdraw. Scott's counsel was allowed to withdraw and confirmed to the court that the address for Scott on the court's file was correct. Docs. 14 & 16.  The court then scheduled a status and scheduling conference, specifically ordering Scott to attend and warning him that a failure to appear would be considered an abandonment of his claims. Doc. 16. Notwithstanding this warning, Scott failed to appear at the June 28, 2016 status conference. Doc. 17.

Given Scott's failure to appear and his failure to participate in discovery, Defendant moved to dismiss Scott's complaint with prejudice. Doc. 18.  The court ordered Scott to show cause why his claims should not be dismissed for failure to prosecute. Doc. 19.  In that order, the court cautioned Scott again that his failure to respond could result in the dismissal of his claims.  The court further ordered Scott to provide a current address, as some of the court's previous orders had been returned with the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Doc. 19.  Scott did not respond to the court's show cause order.

## II.  DISCUSSION AND ANALYSIS

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash Railroad Company*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

of the District Courts." 370 U.S. 626, 629–30 (1962).   Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)).

Defendant requests dismissal of Scott's claims with prejudice, but the record now before the court does not warrant such a severe sanction.   Dismissal of a case with prejudice under Rule 41(b) is "a sanction of last resort, applicable only in extreme circumstances." *McIntosh v. Gauthier*, 182 F. App'x 884, 886–87 (11th Cir. 2006). Such a dismissal is appropriate only where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Id.*   The court does not find a clear record of willful contempt here.   There is no dispute that Scott failed to respond to Defendant's discovery requests, that he failed to appear at a June 28, 2016 status and scheduling conference, and that he failed to respond to the court's July 8, 2016 show cause order.   However, the record shows that—even though Scott's prior counsel confirmed the accuracy of his address on file with the court during a hearing on June 14, 2016—Scott did not receive notice of the court's order setting the June 28, 2016 conference or the court's July 8, 2016 show cause order.   Given that these orders have been returned as undeliverable, the court is unable to conclude that Scott engaged in the type of willful disregard of orders that would justify dismissing his *pro se* complaint with prejudice.

3

This being said, the court does find that dismissing Scott's claims without prejudice is appropriate because he has failed to prosecute his case despite multiple opportunities to do so. According to Scott's former attorneys, Scott would not communicate with them—despite their repeated efforts—nor would he cooperate with discovery requests. Indeed, Defendant still has not received complete responses to its discovery requests, which were first served in April 2016. Scott also has made no effort to update his address with the court so that he can receive orders, nor has he otherwise inquired into the status of his lawsuit with the court or with Defendant. Finally, Scott failed to attend the June 28, 2016 status conference, which Defendant did attend, and he failed to respond to the court's July 8, 2016 show cause order. In short, Scott has demonstrated a total unwillingness to prosecute his claims, and the court therefore concludes that Defendant's motion should be granted and that Scott's claims should be dismissed without prejudice.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant Southern Management Corporation's motion to dismiss (Doc. 18) be GRANTED, and that Plaintiff Kenneth Scott's claims be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that the parties are DIRECTED to file any objections to this recommendation on or before **August 30, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the

party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 16th day of August, 2016.

                                                      /s/ Gray M. Borden
                                       UNITED STATES MAGISTRATE JUDGE